**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHARON NEIDLINGER,

        Plaintiff-Appellant,

  v.

ANDREW M. SAUL, Commissioner of Social Security,

        Defendant-Appellee.

No.   19-16141

D.C. No. 2:17-cv-02423-DB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Deborah L. Barnes, Magistrate Judge, Presiding

Submitted August 12, 2020[**]
San Francisco, California

Before:  TASHIMA and CHRISTEN, Circuit Judges, and BATAILLON,[***] District Judge.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska, sitting by designation.

This matter is before the Court on plaintiff Sharon Neidlinger's (hereinafter "Neidlinger") appeal of the denial of widow's benefits under Title II of the Social Security Act. The Administrative Law Judge (hereinafter "ALJ") issued an unfavorable ruling against Neidlinger. The Appeals Council likewise denied Neidlinger's request for review. Neidlinger then filed her complaint in federal district court and requested summary judgment be granted in her favor. On cross-motions for summary judgment, the district court denied Neidlinger's motion and granted the Commissioner's motion.

Neidlinger argues that the ALJ erred when determining that (1) she was not married to the insured worker for at least nine months before he died; (2) that the claimant did not meet the nine-month durational requirement as the death was not accidental; (3) the claimant was not the biological mother of a biological child of the insured; (4) the claimant was not the unmarried widow of the deceased insured worker; and (5) the claimant was not under a disability under the Social Security Act from October 1, 2010, through the date of this decision. *See* 20 C.F.R. § 404.1520(c).

We review the district court's decision de novo and therefore must independently determine whether the Commissioner's decision (1) is free of legal error and (2) is supported by substantial evidence. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). "On judicial review, an ALJ's factual findings . . . ' [are]

'conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). As the Supreme Court has indicated, the substantial evidence threshold "is not high" and "it defers to the presiding ALJ, who has seen the hearing up close." *Id.* at 1154, 1157; *see also Valentine v. Comm. Social Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (substantial evidence "is a highly deferential standard of review"). Where evidence is susceptible to more than one rational interpretation "more than a mere scintilla" "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 139 S. Ct. at 1154 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). In social security cases, federal courts "are not triers of fact" and a court "may not substitute its judgment for that of the [ALJ]." *Fair*, 885 F.2d at 604; *Flaten v. Sec'y of Health & Human Servs.*, 44 F.3d 1453, 1457 (9th Cir. 1995).

The ALJ determined that the claimant did not meet the durational requirement for marriage prior to the insured's death. The ALJ also decided that the insured's death was not accidental and rejected plaintiff's claim that her miscarriage qualified her as a biological mother of a child. The district court affirmed the ALJ's findings, determining that plaintiff did not meet the exceptions to the nine-month marriage durational requirement. The district court determined that the insured's death was not accidental, and Neidlinger was not the biological or adoptive mother of a child

during the marriage. The district court found that the death was a result of a voluntary and intentional suicide.

The decision of the district court is affirmed as substantial evidence supports the ALJ's decision that the claimant is not entitled to widow's insurance benefits because (1) she does not meet the durational requirement for marriage, and (2) no exceptions apply to her claim. In addition, the district court's conclusions of law are free of legal error.

**AFFIRMED.**

19-16141